UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVOCEAN JEWELRY LLC<br><br>                    Plaintiff,<br><br>                              -against-<br><br>GANNETT COMPANY, INC.<br><br>                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Devocean Jewelry LLC ("Devocean" or "Plaintiff") by and through its undersigned counsel, for its Complaint against defendant Gannett Company, Inc. ("Gannett" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a photograph and video of Lila, a black Labrador Retriever, diving off of a boat and catching a lobster on the ground floor of the ocean owned and registered by Devocean, a Florida based jewelry company. Accordingly, Devocean seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2.      This claim arises under the provisions of the Copyright Act, 17 U.S.C. § 101 *et seq*., and this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 (a).

3.      This Court has personal jurisdiction over the Defendant because Defendant reside in and/or doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b).

## PARTIES

5.      Devocean is a jewelry company that sells products ranging from necklaces, rings, and bracelets related to the ocean, having a usual place of business at 2200 North Federal Highway, 229A, Boca Raton, FL 33431. Twenty percent of the net profits of Devocean goes to Sea Turtle Rescue and Ocean Conservation Programs such as the Florida Atlantic University's Marine Research Lab at Gumbo Limbo Nature Center to save hurt and sick turtles. Devocean is a social enterprise intended to raise awareness about the growing fragility of marine habitats and encourage people to take immediate action to make the oceans clean and free from pollution.

6.      Upon information and belief, Gannett is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 7950 Jones Branch Drive, McLean, VA 22107. At all times material hereto, Gannett has operated and continues to operate the website www.USAToday.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Video**

7.      On or about March 31, 2015, Alex Schulze, co-founder of Devocean, videotaped himself training his black Labrador Retriever dog named Lila to dive off a boat and catch a lobster on the ground floor of the ocean (the "Video").

8.      On or about November 25, 2015, Plaintiff published the Video on their website, www.DevotedtotheOcean.com as a way to drive traffic to their website for people to buy their jewelry products where twenty percent of the net profits go to the Florida Atlantic University's Marine Lab at Gumbo Limbo Nature Center to save hurt and sick turtles, to educate people about the ocean and sea animals, and to get donations for Sea Turtle Rescue and Ocean Conversation Programs. Plaintiff's watermark was placed on the Video identifying them as the owner of the Video.

9.      Devocean is the author of the Video and has at all times been the the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

10.     The Video was registered with the Copyright Office and was given Copyright Registration Number PA0001972664 (*Lila Diving For Lobster*) effective February 8, 2016. The Photograph was registered with the Copyright Office and was given Copyright Registration Number VA 1-995-469 (*Dog and Lobster*), effective February 22, 2016. A true and correct copy of the Certificate of Registration of the Video is attached hereto as Exhibit A (VA 1-972-664). A true and correct copy of the Certificate of Registration of the Photograph is attached hereto as Exhibit B (VA 1-995-469).

### B.      Defendant Infringing Activities

11.     Upon information and belief, on or about December 3, 2015, Defendant ran an article on the Website entitled *VIDEO: Man trains dog to dive for lobster.* See (http://www.usatoday.com/story/news/2015/12/03/video-man-teaches-dog-dive-lobster/76747290/) The article prominently featured the Video and a Photograph of Lila (the "Photograph") driving web traffic away from Devocean's website. A true and correct copy of screen shots of the article with the Photograph and Video is attached hereto as Exhibit C.

12.     Defendant did not license the Video or Photograph from Plaintiff for use in its article, nor did Defendant have Plaintiff's permission or consent to published the Photograph or Video on the Website.

### (COPYRIGHT INFRINGEMENT AGAINST GANNETT)
### (17 U.S.C. §106, 501)

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12.

14.     Defendant infringed Plaintiff's copyright in the Video and Photograph by reproducing and publicly displaying the Photograph and Video on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video or Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504 (b).

18.     Alternatively, Plaintiff is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

Pursuant to 17 U.S.C § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST GANNETT
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     When the Video was published on Devocean's website, it contained copyright management information protected under 17 U.S.C. § 1202(b).

22.     In its article on the Website, Gannett intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and replaced such information with false, altered and inaccurate copyright management information that falsely identified the photographer of the Photograph.

23.     The conduct of Gannett violates 17 U.S.C. § 1202(b).

24.     Gannett's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     The falsification, alteration and/or removal of said copyright management information was made by Gannett intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff copyright in the Photograph. Gannett also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff copyrights in the Photograph.

26.     As a result of the wrongful conduct of Gannett as alleged herein, Plaintiff is entitled to recover from Gannett the damages, that he sustained and will sustain, and any gains,

profits and advantages obtained by Gannett because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Gannett statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests judgment as follows:

1.     That Defendant be adjudged to have infringed upon Plaintiff's copyright in the Photograph and Video in violation of 17 U.S.C §§ 106 and 501;

2.     That Gannett be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of the Photograph and Video.

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Gannett's profits, gains or advantages of any kind attributable to Gannett's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Gannett pursuant to 17 U.S.C. § 1203(c);

5.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded pre-judgment interest; and

7.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       March 24, 2016

LIEBOWITZ LAW FIRM, PLLC
By: _____
       Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Devocean Jewelry LLC*
