# Frankfurt Kurnit Klein + Selz pc

Edward H. Rosenthal

488 Madison Avenue, New York, New York 10022

T (212) 826 5524      F (347) 438 2114

erosenthal@fkks.com

August 19, 2016

**VIA ECF & E-MAIL**

Hon. Analisa Torres
United States District Judge
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 15D
New York, New York  10007-1312

> RE:   *Devocean Jewelry LLC v. Gannett Company, Inc., 16-cv-03880 (AT)*

Dear Judge Torres:

We represent Defendant Gannett Company Inc. ("Gannett") in this case.  Pursuant to Your Honor's individual practices, we request a pre-motion conference regarding Gannett's anticipated motion under Fed. R. Civ. P. 42 to consolidate this case with a related case filed by plaintiffs in this action, *Devocean Jewelry LLC v. Zazoom LLC*, 16-cv-03881 (PGG) (the "Zazoom Action").  We also represent Defendant Zazoom LLC ("Zazoom") in the related action, which is currently pending in this Court before Hon. Paul G. Gardephe.  Zazoom joins in the requests made in this letter.

In both actions, Plaintiff Devocean Jewelry LLC's ("Devocean") claims arise from allegations that the defendants infringed Devocean's copyrighted video about training dogs to dive for lobsters (the "Dog-Training Video") by including it on their websites.  Defendant Gannett licensed certain allegedly infringing material from Zazoom, and Zazoom has agreed to indemnify Gannett with respect to Gannett's use pursuant to such license.  The actions therefore share common parties, and will likely involve similar questions of fact and issues of law.  Accordingly, Gannett seeks to consolidate the Zazoom Action with this lawsuit in the interests of justice and efficiency.  After meeting and conferring on this matter with counsel, Devocean has consented to having these cases consolidated before Your Honor.

*Relevant Procedural History*

The Zazoom Action and this case have proceeded in parallel from the start.  Devocean filed the actions on the same day, May 24, 2016.  *See* Dkt. No. 1; Zazoom Action, Dkt. No. 1.  The case before Your Honor was filed prior to the case before Judge Gardephe, as evidenced by

Hon. Analisa Torres
August 19, 2016
Page 2

the lower case index number.  Likewise, both Gannett and Zazoom filed their answers in their respective actions on July 22, 2016.  *See* Dkt. No. 15; Zazoom Action, Dkt. No. 14.  Finally, both actions are currently scheduled for a preliminary conference on September 1, 2016, albeit at different times of the day.  *See* Dkt. No. 14 and Zazoom Dkt. No. 15.

*Legal Basis for the Motion to Consolidate*

Pursuant to Fed. R. Civ. P. 42, a court may consolidate two actions where they involve "a common question of law or fact."  The Second Circuit has held that consolidation "should be prudently employed as a valuable and important tool of judicial administration" and can be "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Comm'cns Int'l Union*, 17 F.3d 121, 130 (2d Cir. 1999) (collecting cases) (citations omitted).  In considering whether two cases are sufficiently related as to justify consolidation, courts consider whether:  (1) the actions concern the same or substantially similar parties, property, transactions or events; (2) there is substantial factual overlap; (3) the parties could be subjected to conflicting orders; and (4) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses.  S.D.N.Y. R. 13(a)(1).

Taking these factors into consideration, this action and the Zazoom Action should be consolidated for all purposes.  *First*, the actions involve similar, related parties; both were brought by Devocean, and Gannett and Zazoom have a contractual relationship that encompasses the licensing of the alleged infringing video.  *Second*, there is substantial factual overlap between both cases — in each, Devocean alleges that the defendants infringed the same Dog-Training Video by distributing it on their respective websites without authorization.  *Third*, litigating these matters separately risks an outcome in which one defendant is held liable while the other is not, despite the fact both defendants are alleged to have infringed the same video through substantially similar conduct.  Conversely, consolidating the cases will ensure consistency of outcomes among the defendants.  *Finally*, consolidation will save time and effort for the Court and all parties involved, including by avoiding unnecessary or duplicative discovery and trial expenses.[1]  Likewise, consolidation would minimize the potential disruption for non-party witnesses, who would need respond to discovery requests or testify in only one action.

* * * *

For the forgoing reasons, we respectfully request that the Court schedule a pre-motion conference to discuss Gannett's anticipated motion pursuant to Fed. R. Civ. P. 42.  In the alternative, given that the parties consent to the relief sought, we respectfully request that the

---

[1] For example, that the initial pretrial conferences in each action are both scheduled for September 1, 2016.  The parties respectfully submit that it would be wasteful of both parties' and the Court's and time and resources to prepare two Rule 26(f) reports and conduct two separate conferences to address essentially identical discovery planning issues.

Hon. Analisa Torres
August 19, 2016
Page 2

Court consider this letter in lieu of a longer motion and issue an order directing that the currently pending action, *Devocean Jewelry LLC v. Zazoom LLC*, 16-cv-03881 (PGG), be consolidated for all purposes with this action.

Finally, undersigned counsel will be on vacation on September 1 and respectfully request that the initial conference be adjourned to a date convenient to the Court on or after September 6, 2016. This is the first request for such an adjournment and plaintiff's counsel consents to this request.

Respectfully Submitted,

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**

_/s/ Edward H. Rosenthal_
By: Edward H. Rosenthal
Andrew J. Ungberg

*Attorneys for Defendant Gannett Company, Inc.*

cc:     Hon. Paul G. Gardephe (via fax)
        Richard Liebowitz, Esq. (via ECF)